IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| DEBBIE DRINKARD and SHANNON COLLINS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:08-CV-005 ) |
| STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES and DONNA L. MYERS, personally and as an investigator for the State of Tennessee, | ) ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This civil action is before the court on the motion for attorney fees pursuant to 42 U.S.C. § 1988 filed by defendant Donna L. Myers in her individual capacity [doc. 22]. Plaintiff has not responded to the motion. *See* E.D. TN. LR 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Defendant's request will nonetheless be denied.[1]

This civil action arose in part under 42 U.S.C. § 1983. By memorandum and order dated June 26, 2008, the court granted the Rule 12(b) motions of all defendants and dismissed the case in its entirety. The pertinent factual allegations and reasons for dismissal

---

[1] On August 14, 2008, plaintiff requested an extension of time through September 13, 2008, to respond to an attorney fee motion. At that time, however, there was no such motion pending before the court. Plaintiff's request was accordingly denied on August 15, 2008. The instant motion was then filed on August 18, 2008, but plaintiff has neither responded nor requested an extension of time.

were thoroughly articulated by the court in its prior ruling and will not be repeated herein.

It is of course the general rule in this country that, absent a contrary statutory provision, litigants are responsible for the cost of their own lawyer. *See, e.g., Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978). Section 1988 is one such contrary statutory provision, granting the court discretion to award reasonable attorney fees to prevailing parties in § 1983 litigation. *See* 42 U.S.C. § 1988(b).

An award of attorney fees against a plaintiff "is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). A prevailing defendant should be awarded attorney fees under § 1988 only "upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (citations and quotations omitted).

It is a somewhat close call, but the court concludes that plaintiff's complaint did not fall within the range of "frivolous, unreasonable, or without foundation." It is true that the inadequacy of plaintiff's complaint resulted in dismissal on the pleadings. However, the court's ruling as to the claims against Myers individually required eight pages of analysis. *See Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980) ("Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*."). In light of the relationship between

2

Myers and the State of Tennessee discussed in the prior ruling, the court cannot conclude that plaintiff's claims against Myers were "groundless at the outset," *see Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985), or constituted a "truly egregious case of misconduct." Myers's motion will accordingly be denied.

Additionally, the court notes that the instant motion bears many of the same shortcomings found in plaintiff's complaint. The motion spans a mere four sentences containing at least two typographical errors and is unaccompanied by a supporting memorandum. The motion and its two cursory affidavits make no citation to the "frivolous, unreasonable, or without foundation" standard and, obviously, no analysis is present explaining how the facts of this case meet those criteria. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation omitted). For this additional reason, the court concludes that an award of attorney fees in defendant's favor would be inappropriate.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan<br>United States District Judge

3